**Ella Hunt, Appellee, v. Frank Green, Receiver of the United States Bank of Crystal Lake, Illinois, by Appointment of Oscar Nelson, State Auditor of Public Accounts of the State of Illinois, Appellant.**

Gen. No. 8,580.

Opinion filed May 25, 1933.

McKenna & Harris, for appellant; James J. McKenna and Henry H. Koven, of counsel.

Joslyn & Joslyn, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

The appellee, Ella Hunt, started a suit in replevin against Frank J. Green as receiver of the United States Bank of Crystal Lake, Illinois, to recover possession of a certain promissory note. The note is for the sum of $5,000, dated February 18, 1930, and due one year after date. The note was executed by one Art Wilbrandt, payable to the order of himself and

by himself indorsed. The declaration charges that said defendant wrongfully and unjustly retained and refused to turn over to Ella Hunt, appellee, the said note. There is a second count in the declaration which is one in trover for the unlawful conversion of the note in question. To the declaration the appellant filed a plea denying the unlawful taking and detention, and the unlawful conversion of the property and pleading property in the defendant.

At the trial of the case the court found the defendant guilty and found the property in the plaintiff and assessed her damages at one cent. The court entered judgment in accordance with this finding. The defendant prayed for, and now prosecutes an appeal to this court.

For a period of about nine years, one Lynn Richards had been connected with the United States Bank of Crystal Lake, Illinois, in different capacities. For the last few years he had been the acting cashier of said bank. In February, 1930, he was also acting as administrator of the estate of Elmer McGoon, having been so appointed on June 11, 1928. The said Lynn Richards was administrator of the estate of Marcia A. Adriance, known as the Adriance estate. At the time of the trial of this case, Lynn Richards had died. The record discloses that on April 23, 1930, he had brought into the appellant bank a note for $5,000, executed by Art Wilbrandt, due one year after February 18, 1930. This note was discounted by the bank and the proceeds of the same was credited to the account of Lynn Richards, administrator of the Adriance estate. The note remained in the possession of the bank as owner thereof until May 8, 1930, when the bank sold the note to what is known as the Rupert estate, for the sum of $5,012.30, this being the face value of the note and the accrued interest.

The record further discloses that on June 7, 1930, the appellant bank again became the owner of the note

by purchase from Lynn Richards. The note then remained in the possession of the appellant bank until after it was closed by the auditor of public accounts and a receiver appointed, from whom it was replevined by the appellee.

The appellee was the sole and only heir of Elmer McGoon, deceased. She sold a farm inherited by her from the said Elmer McGoon, to Art Wilbrandt and Tillie Wilbrandt and conveyed the same by warranty deed. A part of the proceeds received from this sale of said farm was paid to Lynn Richards, as administrator of said estate. Ella Hunt and P. J. Hunt, her husband, agreed to accept the note of Art Wilbrandt for $5,000 as part payment of the purchase of said farm. Art Wilbrandt executed a note for $5,000 indorsed in blank and delivered it to Lynn Richards. The money realized in cash from the sale of the farm was insufficient to pay all the debts and costs of the Elmer McGoon estate and the appellee and her husband arranged with Lynn Richards, the cashier of the United States Bank of Crystal Lake, to borrow sufficient money from the bank to pay all the debts and costs of administration in the estate of Elmer McGoon, deceased.

It was agreed that the $5,000 note should be held by the United States Bank at Crystal Lake as collateral security for the loan. This $5,000 note came into the possession of the appellant bank on April 23, 1930, apparently being sold to it by its cashier, Lynn Richards. The deposit slip covering this transaction is in the handwriting of Lynn Richards. The note left the bank on June 7, 1930, and again came into the bank's possession. The deposit slip covering this transaction is also in the handwriting of Lynn Richards. Since the commencement of this suit the Art Wilbrandt note has been paid, together with the interest thereon, and the proceeds deposited in the State Bank of Woodstock, Illinois, with the agreement that,

if in the present suit the appellee was found to be the owner of the Wilbrandt note, the $5,000 note of the appellee and the appellant bank was to be paid from this deposit. It was also stipulated between the parties that the appellant claimed to be the owner of the note, not as collateral but as the property of the United States Bank of Crystal Lake.

It is the contention of the appellee that she is entitled to the note in question, and therefore, had the right to maintain her action of replevin. Also that the question of the note being held by the defendant as collateral was eliminated by agreement of the parties.

The first question raised by the defendant relates to the ownership of the note, and the right of the plaintiff to maintain her suit in replevin. The evidence shows that Ella Hunt was a sister and only heir at law of her brother Elmer McGoon. The general rule is that the title to real estate descends to the heir and is immediately vested, but is defeasible and liable to be defeated by the sale made by the administrator of the estate to pay debts. The title to the real estate of Elmer McGoon descended to the appellee, subject only to the debts of her brother. The real estate belonging to the estate of Elmer McGoon was sold to Art Wilbrandt. The deed to the same was executed by Ella Hunt and F. P. Hunt, her husband. The note which is the subject matter of this suit was executed by Art Wilbrandt and taken as part payment for said real estate. Ella Hunt received the proceeds of the sale of the property and turned over such part as was necessary to pay the debts and costs of administration, etc., to Lynn Richards, administrator. The testimony shows that there was not sufficient cash to pay all of the debts and costs of administration in the McGoon estate, so that Ella Hunt gave her note payable to the United States Bank at Crystal Lake, for

the sum of $500 in order to raise sufficient cash for said payments.

Appellee contends, and we think that the claim is fully supported by the facts, that the $5,000 note was to be held by the bank as collateral for the payment of the $500 note, and that the evidence fully sustains the contention of the appellee that she was the owner of the note in question.

One of the defenses interposed by the appellant in the case is that the bank was the holder of the note in due course. A holder in due course is one who has taken the instrument under the following conditions: That the instrument is complete and regular upon its face; that it became the holder of it before it became overdue, or without notice that it had previously been dishonored, if such was the fact; that he took it in good faith and for value; that at the time it was negotiated to him he had no notice of any informality in the instrument or defect in the title or the person negotiating it.

The appellant and the appellee differ upon the question as to who has the burden of proof to show that the bank was the holder of the note in due course. Where the title of any person who has negotiated an instrument was defective, the burden is on the holder to prove that he or some person under whom he claims to have acquired the title is a holder in due course. It is our opinion that if the appellee had proven the ownership of the note, that she had not authorized its sale or transfer, then the burden of proof was cast upon the appellant to prove that he was the holder of the note in due course of business; and this he has failed to do.

We think that it is proper to take into consideration in determining this question, the manner in which the note was handled. It apparently was sold to the bank and got out of the possession of the bank, and was

again returned to the bank and found in its possession. That this was known to the bank, or by its managing representative, its cashier, Lynn Richards. The cashier of a bank is a general agent for the transaction of the business of the bank. *Pfeffer v. Farmers State Bank of Schaumburg,* 263 Ill. App. 360; *Hansel v. First Nat. Bank of Mansfield,* 158 Ill. App. 127. The information, therefore, of Lynn Richards, the cashier, was the information of the bank.

It is the contention of the appellant that, although the United States Bank of Crystal Lake may not successfully contend that it was the owner and holder in due course of the note in question, the receiver of the bank stands in a different position from the bank. For the purpose of marshaling the assets of the bank for the benefit of its creditors, and, in law, the receiver is an innocent holder of such assets. He cites several cases to support this contention, but an examination of all the cases cited shows that negotiable paper of some kind had been given to the bank for the purpose of bolstering up its assets, or to assist in making it appear to be a going concern, so that a fraud or deception is worked by a bank on depositors or the public generally, and in such cases the courts have uniformly held that the maker of such notes is estopped from denying the validity of the same, and the receiver of the insolvent bank holds the assets as an innocent holder for value. Such is not the fact in this case. Mrs. Hunt, the owner of the note in question, did nothing that could be criticized as being fraudulent as against anyone. Her dealings were open and above board and perfectly legitimate. The receiver holds the property coming into his hands only by the same right of title as the person for whose property he is the receiver, subject, however, to liens, equities, etc. existing at the time of his appointment.

By the stipulation entered into between the parties to the suit at the time of the hearing, the appellant is not now in a position to raise the question that the note was delivered to the bank as collateral, and therefore, appellee could not recover. Also, it is our opinion that the doctrine of where one of two innocent parties in the case must suffer, the one who puts it in the power of a third party to commit the act causing it must bear the loss, is not applicable. As above stated the knowledge of the cashier was knowledge to the bank, and the bank took the note knowing its defects.

We think the trial court properly found that the note in question was the property of Ella Hunt, the appellee, and that the United States Bank of Crystal Lake, the appellant, was not the holder of the same in due course. The judgment of the circuit court of McHenry county should be and is hereby affirmed.

*Judgment affirmed.*